UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MATTHEW JORDAN,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY; RACEWAY FORD INC.; and DOES 1-50, inclusive,<br>Defendants. | No. 2:26-cv-02058 WBS JDP<br><br>REMAND ORDER |

----oo0oo----

On September 28, 2026, this court ordered defendant Ford Motor Company to show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. (Docket No. 7.) Upon considering Ford's response and plaintiff's reply, the court has determined that it does not have subject-matter jurisdiction. Accordingly, this case will be remanded to the Superior Court of California, County of San Bernadino.[1]

[1] The court notes that remand to the Judicial Council Coordination Proceeding would be inappropriate because the order

A defendant may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Should original jurisdiction be absent, however, a district court "must remedy the improvident grant of removal by remanding the action to state court." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447).

The court must remand this case because the purported source of jurisdiction -- diversity under 28 U.S.C. § 1332 -- does not apply. (Notice of Removal ("Notice") at 4-5 (Docket No. 1).) Section 1332 requires "complete diversity of citizenship," meaning no adverse parties can be citizens of the same state. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). But plaintiff and defendant Raceway Ford, Inc., are both California citizens. (Notice at 10.) No diversity, no jurisdiction.

Ford argues that plaintiff fraudulently joined Raceway. (Id. at 4-6; Resp. at 3-9 (Docket No. 9).) The court has rejected this theory in three practically identical cases, however. See Benton v. Ford Motor Co., No. 26-cv-2096 WBS SCR, 2026 WL 2607640, at *2-5 (E.D. Cal. Sept. 3, 2026); Mendoza Lombera v. Ford Motor Co., No. 2:26-CV-02064 WBS SCR, 2026 WL 3082897, at *1-2 (E.D. Cal. Oct. 15, 2026); Paris v. Ford Motor Co., No. 2:26-cv-02056 WBS SCR, 2026 WL 3082911, at *1-2 (E.D.

---

assigning the coordination trial judge was not a transfer order. (See Order Assigning Coordination Tr. Judge (Docket No. 1-3).) This case was therefore removed from the Superior Court of California, County of San Bernadino, and that is the court to which it must be remanded. 28 U.S.C. § 1447.

Cal. Oct. 15, 2026) For the same reasons, it fails here.

IT IS THEREFORE ORDERED that this action be, and the same thereby is, REMANDED to the Superior Court of the State of California, in and for the County of San Bernadino, Case No. CIVRS2400973.

Dated: October 19, 2026

William B. Shubb

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE